UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENISSIA KELLEY,

       Plaintiff,

vs.                                    Case No.  3:09-cv-881-J-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

       Defendant.

_____/

# O R D E R

    **THIS CAUSE** is before the Court on Plaintiff's Motion for Attorney's Fees (Doc.

20) filed October 4, 2010.  The Commissioner filed a response (Doc. 22) opposing the

amount of fees sought in the Motion and in response, Plaintiff filed an Amended Motion

for Attorney Fees (Doc. 23) on October 26, 2010.  These Motions follow the entry of a

Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with

respect to Plaintiff's claim for benefits.  (Doc. 19).

## A.  Eligibility for Award of Fees

    Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party

may recover an award of attorney's fees against the government provided the party

meets five requirements: (1) the party seeking the award is the prevailing party; (2) the

application for such fees, including an itemized justification for the amount sought, is

timely filed; (3) the claimant has a net worth of less than $2 million at the time the

Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust.  <u>See</u> 28

U.S.C. § 2412(d)(1) and (2).

      1.  <u>Prevailing Party</u>

The Judgment in this case (Doc. 19), entered August 31, 2010, reversed the final

decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and

remanded the case for further consideration.  The Supreme Court has made clear that a

plaintiff obtaining a sentence-four remand is a prevailing party.  <u>Shalala v. Schaefer</u>,

509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the

prevailing party in this case.

      2.  <u>Timely Application</u>

A plaintiff must file an application for fees and other expenses within thirty days

of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is

defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).

Because the Commissioner normally has sixty days in which to appeal, a judgment

typically becomes final after sixty days.  Rule 4(a)(1)(B), Fed.R.App.P.  The plaintiff then

has thirty days in which to file his or her application.  Therefore, an application is timely

filed if done so prior to ninety days after the judgment is entered.  <u>See</u> <u>Shalala</u>, 509 U.S.

at 297-98, 113 S.Ct. at 2629; <u>Jackson v. Chater</u>, 99 F.3d 1086, 1095 n. 4 (11th Cir.

1996).  Here, the Judgment was entered on August 31, 2010, and the original Motion

was filed October 4, 2010, thirty-four days later.[1]  Accordingly, the Court finds the

Motion was timely filed.

    3.  <u>Claimant's Net Worth</u>

    Plaintiff asserts that her net worth was less than $2 million at the time this

proceeding was filed and the Commissioner does not contest.  Accordingly, the Court

finds this requirement satisfied.

    4.  <u>Government's Position Not Substantially Justified</u>

    The burden of proving substantial justification is on the Commissioner, who must

demonstrate the substantial justification of his position as a whole.  <u>See</u> <u>United States v.</u>

<u>Jones</u>, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the

Commissioner comes forth and satisfies his burden, the government's position will be

deemed not substantially justified.  In this case, the Commissioner does not dispute the

issue of substantial justification, and accordingly, the Court finds his position was not

substantially justified.

    5.  <u>No Special Circumstances</u>

    The Court finds no special circumstances indicating an award of fees would be

unjust.

---

[1]  The Court notes the Motion was filed before the Judgment became final.  However, as the Commissioner has not raised any objection to the timing of the Motion, the Court will proceed to rule on the request for fees.

**B. Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought.  Originally, Plaintiff requested an award of $4,562.28 in attorney's fees, representing 5.3 hours at an hourly rate of $174.72 for the work performed in 2009 and 20.8 hours at an hourly rate of $174.82 for the work performed in 2010 on this case.  (Doc. 20, pp. 8-9).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate to the hourly rate.  However, the Commissioner contests Plaintiff's proposed rates of  $174.72 for the work performed in 2009.  (Doc. 22, p.5).  Instead, the Commissioner proposes an hourly rates of $172.24 for 2009.  In the Amended Motion, Plaintiff accepted the Commissioner's proposed hourly rate for 2009.  As a result, the Court will adopt $172.24 as the hourly rate for work performed in 2009 and $174.82 for the work performed in 2010.

Originally, Plaintiff sought an award based on a total of 26.1 hours of attorney time.  The Commissioner opposed several entries as well as the dates of several entries.  In the Amended Motion, Plaintiff's attorney conceded that he incorrectly dated several entries as occurring in 2010, when they had occurred in 2009.  He adjusted those dates in the Amended Motion.  Additionally, Plaintiff's attorney redacted several

-4-

entries to which the Commissioner objected.  As such, the only remaining entries at

issue deal with letters counsel drafted and telephone conferences counsel had with

Plaintiff.  With respect to the telephone calls, counsel for Plaintiff added more detail so

that the Court can now identify the topic of the conversations.  The Court is satisfied the

telephone calls were necessary and reasonable and will allow them.  As for the various

letters drafted by counsel, the Court agrees with Commissioner that these letters appear

to be clerical in nature and as such, the Court will not permit counsel to obtain EAJA

fees for them.  For example, the entries dealing with "letter to client regarding filing the

complaint," "letter to General Counsel with Notice Designation . . .," "letter to US

Attorney General with notice Designation," "letter with consent to Exercise of

Jurisdiction to US District Court," and "letter to client with memo in support," all appear

to be cover letters.  Such cover letters are clerical.  "[A]n attorney is not entitled to

compensation under the EAJA for work which could have been done by support staff."

Weaver v. Astrue, No. 3:07-cv-16-JWC, 2008 WL 1805381, at *1 (E.D. Ark. Apr. 17,

2008) (noting that preparation of status or transmittal letters is clerical task); White v.

Barnhart, No. 05-2856, 2006 WL 2433835, at *6 (E.D. Pa. Aug. 18, 2006) (disallowing

fees for clerical work such as preparing client letters).  Accordingly, the Court will not

permit counsel to recover for these entries and will deduct a total of 1.5 hours from

counsel's time.  The Court finds the remaining 22.7 hours for work completed in 2009

and 1.1 hour for work completed in 2010 is reasonable in this case.  Therefore, the

Court finds $4,102.15 ($172.24 x 22.7 hours plus $174.82 x 1.1) is a reasonable fee in

this case.

**C.  Payment of Fees**

Plaintiff requests the fee be paid directly to her attorney while the Commissioner asks that any fee be paid directly to Plaintiff and that after Plaintiff is awarded the EAJA fees, it will determine if Plaintiff has any outstanding debts to the government.  If she does not, the Commissioner will decide whether to waive the Anti-Assignment Act provisions and honor the assignment of the fees to Plaintiff's attorney.

In light of the recent Supreme Court case of <u>Astrue v. Ratliff</u>, __ U.S. __, 130 S.Ct. 2521 (2010), which implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to the EAJA fees to the attorney, the Court believes the best practice is to award the EAJA fees directly to Plaintiff.  The Court will not engage in determining whether Plaintiff owes a debt to the government.  Instead, the Court will leave it to the discretion of the Commissioner whether to honor Plaintiff's assignment of her EAJA fees.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.      Plaintiff's Motion for Attorney's Fees (Doc. 20) and Amended Motion for Attorney Fees (Doc. 23) are **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,102.15  for attorney's fees.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this   28th   day of

October, 2010.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record